UNITED STATES, Appellee,

v.

Staff Sergeant Jacky L. SMITH, SSN 247–70–0544, United States Army, Appellant.

CM 436975.

U. S. Army Court of Military Review.

10 Aug. 1978.

Captain Julius Rothlein, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Major Carlos A. Vallecillo, JAGC.

Captain Paul W. Jacobson, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Laurence M. Huffman, JAGC.

Before CARNE, COOK and THORNOCK, Appellate Military Judges.

OPINION OF THE COURT

THORNOCK, Judge:

The appellant was tried by a general court-martial with members convened by Commanding General, 2d Armored Division at Fort Hood, Texas, and Fort Sill, Oklaho-

---

ma, for six specifications of receiving stolen property. Pursuant to his negotiated plea he was found guilty and sentenced to a bad-conduct discharge, confinement at hard labor for 12 months and forfeiture of $150.00 pay per month for 12 months. The sentence was approved by the convening authority.

An Article 39(a), Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 839(a), session took place at Fort Hood. Prior to entry of his plea the appellant moved for a change of venue. His motion was based on paragraph 69e, Manual for Courts-Martial, United States, 1969 (Revised edition),[1] and that there was a "general atmosphere of prejudice" extant at Fort Hood that prevented him from obtaining a fair trial.

In support of this motion, *inter alia*, he presented a series of newspaper articles concerning theft at Fort Hood. One article followed the general facts of the instant case, without naming the accused, but was sufficiently detailed so that some of the appellant's acquaintances indicated he had "made the newspaper." The articles stressed the concern of the command for all thefts but highlighted citizens band radios as particularly vulnerable (the accused was charged with receiving stolen CB radios). Moreover, they implied there was a theft ring or organization in which an NCO was deeply involved. The military judge granted the motion for a change of venue, and the remaining portion of the trial was held at Fort Sill, Oklahoma, before a new judge

and members appointed by the Commander, 2d Armored Division, but assigned to Fort Sill.

The appellant urges that the second judge erred by not conducting a proper providence inquiry of the appellant's guilty plea and pretrial agreement. The second assignment of error is that the commander and the staff judge advocate of the 2d Armored Division were disqualified from reviewing and taking action on the case for the same reason that the change of venue was granted. We disagree and find no prejudicial error in either allegation.

I

Appellant urges that two paragraphs of the pretrial agreement were not discussed adequately.[2]

The first complained of paragraph was a post-trial misconduct provision. The second complained of paragraph was an automatic cancellation provision. Although these provisions were not discussed seriatim, none of the provisions was completely omitted from the judge's discussion with the appellant. He touched on each one, and obtained the appellant's assent that he understood them. He also received positive assurance from both the appellant and counsel that all of the provisions of the agreement had been discussed and understood by the appellant. Appellate defense counsel urge that our holding in *United States v. Grover Madrill*, 5 M.J. 768 (A.C.M.

1. The pertinent portion of paragraph 69e provides:

> If the accused demonstrates that there exists at the place of trial where the prosecution is pending so great a general atmosphere of prejudice against him that he cannot obtain a fair and impartial trial in that place, he is entitled, upon a motion for a change of venue, to be tried at some other place.

2. These provisions were paragraphs 6 and 7 of the agreement, which provide as follows:

> 6. I understand that should I commit any offense or in any way not conduct myself as a law-abiding soldier between the time of findings and the time the convening authority takes action on the record of trial in my case, the convening authority may consider this agreement to be null and void.

> 7. I further understand that this agreement will be automatically cancelled upon the happening of any of the following events:
>   a. Modification or withdrawal at any time of the agreed Stipulation of Facts without my consent.
>   b. Withdrawal by either party from this agreement prior to acceptance of my pleas by the Military Judge.
>   c. The changing of any plea of guilty entered in accordance with this agreement to a plea of not guilty during the trial, whether by myself or on my behalf.
>   d. The refusal of the Military Judge to accept any plea of guilty entered in compliance with this agreement.

R.1978), requires reversal in the instant appeal. We disagree. The pretrial agreement at issue in *Grover Madrill* contained a somewhat unusual cancellation provision which extended to rehearings and which was completely omitted from the trial judge's inquiry. Neither the rehearing provision nor the lack of inquiry were present in the case *sub judice*. In argument appellant also urged that misconduct provisions such as those contained in this agreement are contrary to public policy. Our holding in *United States v. Alvarez*, 5 M.J. 762 (A.C.M.R.1978), is dispositive of this issue: misconduct provisions of this type are not contrary to public policy.

## II

Appellant cites many cases which catalog the various disqualifications of the staff judge advocate and the convening authority. His citations point out that the disqualification involves two general areas: *personal involvement* or *personal interest* on these officials' part; and being called upon in some way to judge the credibility of *their own* actions. Appellant candidly states that, "The case at bar does not contain the more traditional grounds for disqualification of a convening authority/staff judge advocate," but asks that we apply as the "law of the case" the military judge's ruling on the defense motion for change of venue. Moreover, he suggests that we are bound by that trial ruling, by analogy, as the law of the case.

Our understanding of the principle of the "law of the case" does not support that thesis. With few exceptions, the law of the case is determined by appellate courts and is controlling on *lower forums* in further proceedings *below* or on a *new appeal* on the *same case*. It generally applies to issues of law and not fact and it applies to the *same issues* litigated earlier. These principles are the antithesis of those urged by the appellant, and hence, even by analogy, are inapposite. *United States v. Beebe*, 47 C.M.R. 386, 390 n. 3 (A.C.M.R.1973). *See generally* 5 Am.Jur.2d *Appeal and Error* § 744 *et seq.*; Annot., 87 A.L.R.2d 271 (1963). The ruling on the motion for change of venue was a discretionary ruling based on *facts* presented to the military judge which we have reviewed as is our statutory charge. Article 66(c), UCMJ. We do not decide whether the military judge's ruling on the motion was correct; however, from our reading of the record, weighing the evidence and the facts presented on the motion, we do hold that there was no showing of personal involvement or interest of either the convening authority or staff judge advocate that would rise to disqualification of them to act in the case.

We find no prejudicial error. We have carefully considered the appellant's previously submitted petition for clemency and all mitigating and extenuating matters of record and find the sentence as approved is appropriate. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge COOK concur.