**UNITED STATES**

v.

Jammey E. BATTEAS, 466 90 7965, Boiler Technician Fireman Apprentice (E-2), U. S. Navy.

**NCM 77 2266.**

U. S. Navy Court of Military Review.

Sentence Adjudged 7 Sept. 1977.

Decided 17 May 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT, and GREGORY, JJ.

ROOT, Judge:

Appellant stands before this Court, having been convicted below of a charge and three specifications of attempting to damage certain boiler room machinery in USS SOMERS (DDG 34), and a charge and one specification of intentionally inflicting grievous bodily harm. His sentence extended to confinement at hard labor for 5 months, forfeiture of $249.00 per month for 6 months, and a bad-conduct discharge. In approving the sentence, the convening authority suspended the bad-conduct discharge and 2 months of confinement for a probationary period in accordance with a pretrial agreement. The sentence, as approved, ordered executed and suspended in part by the convening authority, was approved by the supervisory authority on 9 December 1977.

We have examined the record of trial and have concluded that the findings and sentence, except as noted below, are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

On 25 November 1977, shortly after serving the portion of his confinement which had not been suspended, appellant embarked on a period of unauthorized absence extending to about 15 days.

Two days after his return to military control, appellant was taken to captain's mast, at which the suspension of that por-

tion of his sentence to confinement, which had previously been suspended, was vacated and appellant ordered into immediate confinement to serve said sentence.[1] This, the convening authority lacked power to do. Moreover, there was no ". . . written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977); *United States v. Rozycki*, 3 M.J. 127 (C.M.A.1977). The convening authority then arranged for a hearing, in accordance with the provisions of Article 72(a), Uniform Code of Military Justice, 10 U.S.C. § 872(a), to consider whether or not the suspended bad-conduct discharge should be vacated. After a hearing on 28 December 1977, conducted personally by the convening authority, he recommended to the supervisory authority ". . . that the suspension of the sentence to confinement at hard labor and a Bad Conduct Discharge be vacated." In a supplementary court-martial order dated 25 January 1978, the supervisory authority ordered the suspended confinement and bad-conduct discharge to be vacated. He specifically found that the vacation of the suspended portions of the sentence was warranted.

The problem to be resolved here is that the convening authority purportedly vacated the suspended sentence to confinement of the appellant on 13 December 1977, and ordered the appellant into confinement at that time. This was not an authorized alternative of the convening authority. Article 72(a), Uniform Code of Military Justice. Nevertheless, the appellant was required to serve a period of 43-days confinement without legal sanction from 13 December 1977 until the supplementary court-martial order was promulgated by the supervisory authority on 25 January 1978.

We reach this conclusion on the basis of the provisions of Article 72(a), Uniform Code of Military Justice, which provides:

*Before the vacation of the suspension of a special court-martial sentence which as approved includes a bad-conduct discharge,* or of any general court-martial sentence, *the officer having special court-martial jurisdiction over the probationer shall hold a hearing* on the alleged violation of probation. The probationer shall be represented at the hearing by counsel if he so desires. [Emphasis supplied].

■ The clear and unmistakable meaning of this provision is that the hearing must be held before *any portion* of a suspended sentence, which has a part of it a bad-conduct discharge, may be vacated. *See United States v. Bingham, supra.*

■ We have examined painstakingly the record of trial and the record of the vacation proceedings in this case and find no error prejudicial to the appellant in the manner in which the suspended bad-conduct discharge was vacated. The appellant was present and represented by counsel of his choice, and the convening authority personally conducted the hearing and made a written report, stating the evidence relied on and the reasons for recommending the vacation of the suspended discharge. Further, the supervisory authority, in his supplementary court-martial order, stated the evidence which he relied on and gave cogent reasons for rescinding the suspension of the discharge. *See United States v. Bingham* and *United States v. Rozycki*, both *supra* ; *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We hold that the vacation of the suspended bad-conduct discharge was proper, but the action of the convening authority, in vacating the suspended confinement at hard labor prior to the hearing provided for in Article 72(a), UCMJ, and without a written report of the evidence relied on and the reasons for revoking parole, was improper. We also find that confinement of the appellant without proper legal authority clearly

1. *See* enclosure (3) to "Report of proceedings to vacate Bad Conduct Discharge and two months confinement at hard labor in the case of BTFR Jammey E. BATTEAS, USN, 466–90–7965."

violated his rights. The only meaningful correction of this error which can now be made, since the period of confinement has elapsed, is to reassess the sentence of the court-martial.

Accordingly, the findings and only so much of the sentence of this court-martial as provides for confinement at hard labor for 5 months, forfeiture of $150.00 per month for 6 months, and a bad-conduct discharge are affirmed. The action of the supervisory authority in vacating the suspended bad-conduct discharge is proper and, therefore affirmed.

Chief Judge CEDARBURG and Judge GREGORY concur.