**UNITED STATES, Appellee,**

v.

**Private (E–2) Jose A. Grover MADRILL, SSN 527–27–3111, United States Army, Appellant.**

**CM 436990.**

U. S. Army Court of Military Review.

20 June 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain James H. Weise, JAGC, were on the pleadings for appellant.

Counsel for the appellee declined to file pleadings.

Before CARNE, COOK and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

We reviewed this case pursuant to the statutory requirements of Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

We find that the military judge failed to make a complete inquiry into the conditions of the appellant's pretrial agreement as mandated by *United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976), and *United States v. King,* 3 M.J. 458 (C.M.A.1977). The military judge did conduct a *Care*[1] inquiry; however, his coverage of the various provisions of the pretrial agreement was wanting. His discussion did not specifically address each of the cancellation conditions of the agreement.[2] He completely omitted inquiry concerning a particularly critical provision concerning cancellation "after trial in any rehearing directed by the convening or higher authority." Since there was an incomplete inquiry of the automatic cancellation provisions, we hold that the appellant's plea was improvident and we reverse.

This case illustrates an error that could easily be avoided by trial judges.[3] In keeping with the trial judge's responsibility to assure that a court-martial is conducted according to sound legal principles,[4] we urge that the trial judiciary adopt a practice of discussing with the accused and counsel the terms of pretrial agreements *seriatim* to make certain all provisions of the pretrial agreement are covered. Both counsel in their respective advocates' roles and as officers of the court should assist in this effort by making certain that all provisions are discussed with the accused by the trial

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. The pertinent portions of the pretrial agreement provided as follows:
   I further understand that this agreement will be automatically canceled upon the happening of any of the following events:
   1. Failure of agreement with the trial counsel on the contents of the stipulation of facts;
   2. Withdrawal by either party from the agreement prior to trial;
   3. The modification at any time of the agreed stipulation of facts without the consent of trial counsel and myself;
   4. The changing of my plea from guilty to not guilty by myself or anyone acting on my behalf during the trial, *or after trial in any rehearing directed by the convening or higher authority.*
   5. The refusal of the court to accept my plea of guilty. (emphasis supplied)

3. Additionally, see U.S. Army Trial Judiciary, Trial Judge Memorandum No. 1–77, dated 15 February 1977, as amended by Trial Judge Memorandum No. 6–77, dated 21 October 1977, for an illustration and advice on conducting the pretrial agreement inquiry.

4. *See United States v. Graves,* 1 M.J. 50 (C.M.A.1975), and *United States v. Heflin,* 1 M.J. 131 (C.M.A.1975), for examples of the United States Court of Military Appeals' view of this responsibility.

judge.[5] We recognize that the trial arena is a demanding one and that things can be overlooked in the "heat of battle." However, neither the substantive rights of an accused nor judicial economy are well served by speedily conducting the pretrial agreement inquiry or by trying to "short cut" it in some way. Deliberate and careful attention to detail at the trial insures accused's rights and avoids error.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge COOK concurs.

Senior Judge CARNE concurs in the result.

UNITED STATES, Appellee,

---

5. The Court of Military Appeals by its comportment language in the *King* decision places this responsibility on both trial and defense counsel. By that decision the trial judge is required to ascertain, "that the judge's interpretation of the agreement comported with their understanding both as to the meaning and effect of the plea bargain." 3 M.J. at 459. Counsel cannot answer that inquiry accurately if they are not following the proceedings actively and closely. Their assistance is therefore essential to judges' properly fulfilling their role. *See also* Department of Army Message DAJA–CL 1977/2667 (201130Z Oct. 77): "The *King* case underscores the trial counsel's responsibility to protect the record of trial by monitoring the *Green* inquiry and pointing out any omissions to the military judge."