**UNITED STATES, Appellee,**

v.

**Specialist Four David M. ENGLAND
219–88–5547, United States
Army, Appellant.**

**ACMR 8601113.**

U.S. Army Court of Military Review.

10 July 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Vito A. Clementi, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before FELDER, SMITH, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of absence without leave and larceny of military pay, in violation of Articles 86 and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886 and 921 (1982), respectively. Appellant was sentenced to a bad-conduct discharge, confinement for thirteen months, and reduction to the grade of Private E–1. In accordance with the pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for one year and one day, and reduction to the grade of Private E–1.

On 23 October 1986, the convening authority referred appellant's case to a general court-martial convened and constituted by his predecessor in command pursuant to Court-Martial Convening Order Number 29, dated 12 June 1986. Appellant now contends that the court-martial lacked jurisdiction in that its membership was not personally selected by the convening authority, as required by Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2). We disagree.

While it is well-settled that Article 25(d)(2) requires that the convening authority must "himself" select the composition of any court-martial he details, *United States v. Ryan,* 5 M.J. 97, 100 (C.M.A. 1978), it does not foreclose his doing so by personally adopting the membership of a court-martial appointed by his predecessor in command. *United States v. Alvarez,* 5 M.J. 762, 763 (A.C.M.R.), *petition denied,* 5 M.J. 369 (C.M.A.1978); *United States v. Richardson,* 5 M.J. 627, 630 (A.C.M.R. 1978); *United States v. Sandall,* 45 C.M.R. 660 (A.C.M.R.), *petition denied,* 45 C.M.R. 928 (C.M.A.1972), and the cases cited therein.

In the instant circumstances the convening authority directed that the case be tried "by the general court-martial convened by Court-Martial Order Number 29, dated 12 June 1986." His language referred to a specific order and an existing court-martial appointed by his predecessor in command. Further, we are satisfied the referral occurred after the convening authority had both seen and approved Court-Martial Convening Order Number 29 incident to consulting with his staff judge advocate on the case. *Richardson,* 5 M.J. at 630. Accordingly, the convening authority adopted his predecessor in command's selection of court members. Inasmuch as the doctrine of ratification thus applies, we conclude that the court-martial possessed the requisite jurisdiction to hear and determine the case.

Remaining for comment is the effect, if any, of appellant's election to be tried by military judge alone. The government by its pleadings suggests that appellant's action in this regard moots any defect in the appointment of members. We are unpersuaded. The responsibility to

818

convene courts-martial is a command responsibility accomplished by the order of authorized commanders only. *See* Article 22(a), UCMJ, 10 U.S.C. § 822(a). Any fundamental defect in such order, as, for example, the failure to personally select court members, constitutes jurisdictional error in bar of the creation of the court. *See* Article 25(d)(2), UCMJ; *Ryan*, 5 M.J. at 101. Thus, while members may be waived without jurisdictional effect, a duly convened court must first exist if such an action is to be anything other than as an empty gesture. *Id.*

The matters personally asserted by appellant are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge SMITH concur.