UNITED STATES, Appellant

v.

Loren F. ALLGOOD, Private
U.S. Army, Appellee.

No. 93–5022.
CMR No. 9202302.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 10, 1994.

Decided April 7, 1995.

For the United States: *Captain John W. O'Brien* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel James L. Pohl, Major Kenneth T. Grant, Captain Jane F. Polcen* (on brief); *Captain Lyle D. Jentzer.*

For the Accused: *Major Roy H. Hewitt* (argued); *Major Fran W. Walterhouse* (on brief); *Major Michael A. Egan.*

## Opinion of the Court

SULLIVAN, Chief Judge:

1. On November 4, 1992, the accused was tried by a general court-martial military judge sitting alone at Fort Dix, New Jersey. Pursuant to his pleas, he was found guilty of attempted carnal knowledge, absence without leave (2 specifications—159 days and 3 days), and sodomy, in violation of Articles 80, 86, and 125, Uniform Code of Military Justice, 10 USC § 880, 886, and 925, respectively. The military judge sentenced him to a bad-conduct discharge, confinement for 11 months, total forfeitures, and reduction to E–1. Due to a pretrial agreement and clemency, the convening authority suspended for 1 year from the date of trial all confinement in excess of 77 days but approved the remainder of the sentence. On July 15, 1993, the Court of Military Review[1] set aside the findings of guilty and the sentence and authorized an "other trial." 37 MJ 960, 963.

2. The Acting Judge Advocate General of the Army forwarded this case to our Court for review in accordance with Article 67(a)(2), UCMJ, 10 USC § 867(a)(2)(1989), on the following issues:

### I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW WHEN IT RULED THAT A COMMANDER'S AUTHORITY TO CONVENE GENERAL COURTS-MARTIAL IS TERMINATED WHEN THE COMMANDER'S UNIT IS REDESIGNATED.

1. *See* 41 MJ 213, 229 n. * (1994).

### II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT MAJOR GENERAL HERRLING WAS NOT A PREDECESSOR IN COMMAND OF COLONEL WARNER'S REDESIGNATED UNIT.

We hold that both RCM 601(b), Manual for Courts-Martial, United States, 1984, and Article 25(d)(2), UCMJ, 10 USC § 825(d)(2), were complied with in this case, and, accordingly, this court-martial had jurisdiction to try the accused's offenses. *See generally United States v. Jette,* 25 MJ 16 (CMA 1987).

3. The court below made the following pertinent findings of fact:

On 19 January 1981, the Secretary of the Army, pursuant to Article 22(a)(8)[2] UCMJ, designated the Commander, United States Army Training Center and Fort Dix, a general court-martial convening authority. Colonel (COL) Michael Warner assumed command of the United States Army Training Center and Fort Dix from Major General (MG) Herrling on 3 September 1992. On 1 October 1992, the Training Center was redesignated as United States Army Garrison, Fort Dix.

Colonel Warner remained in command of United States Army Garrison, Fort Dix. On 23 October 1992, the Secretary of the Army, pursuant to Article 22(a)(8), UCMJ, designated the Commander, United States Army Garrison, Fort Dix, a general court-martial convening authority. On 30 October 1992, COL Warner, in his capacity as Commander, United States Army Garrison, Fort Dix, referred the appellant's case to a general court-martial. In so doing, the charges were referred to the court-martial with panel members selected by MG Herrling and convened by Court-Martial Convening Order Number 1, dated 23 January 1992, United States Army Train-

2. Our holding in this regard makes it unnecessary to address the first issue certified by the Acting Judge Advocate General.

ing Center and Fort Dix [hereinafter CMCO 1]. On 11 December 1992, COL Warner issued a Memorandum for Record, noting that prior to referring the appellant's case pursuant to CMCO 1, he adopted the panel selections of his "predecessor," MG Herrling.

37 MJ at 961.

---

### Introduction

4. The Court of Military Review held that the accused's court-martial did not have jurisdiction to try him because it was improperly convened. *Id.* at 962. *See generally McClaughry v. Deming*, 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 (1902). That court reached this conclusion for two reasons. First, it held that this court-martial was convened by Commander, Army Training Center and Fort Dix (MG Herrling), who had lost his power to convene or create courts-martial at the time of referral and who was not a predecessor in command to the actual convening authority in this case, Commander, United States Army Garrison, Fort Dix (COL Warner). *See United States v. Cases*, 6 MJ 950, 952 (ACMR 1979). Second, it held that the actual convening authority (COL Warner) in this case "did not personally select the members" of this court-martial as required by Article 25(d)(2). 37 MJ at 962. In sum, the court below held that RCM 601(b) did not and could not lawfully permit his court-martial to be convened as was done in this case. *See also* RCM 103(6).

5. The Acting Judge Advocate General of the Army has questioned the above holdings of the Court of Military Review. Government appellate counsel, in their brief supporting this certified issue, suggest that the court below erred when it held that this court-martial was convened by a court-martial authority (Commander, Army Training Center and Fort Dix) whose power to convene courts-martial had been "terminated." 37 MJ at 962. Second, they suggest that the court below erred in holding that MG Herrling was not a predecessor in command to COL Warner for purposes of RCM 601(b). 37 MJ at 962. *See also* RCM 103(6). We

hold that the Court of Military Review erred in its conclusions noted above but for reasons somewhat different from those suggested by government appellate counsel.

I

6. Our starting point in resolving the certified questions is the Uniform Code of Military Justice, in particular, Article 22(a)(8), UCMJ, 10 USC § 822(a)(8), which provides:

**§ 822. Art. 22. Who may convene general courts-martial**

(a) General courts-martial may be convened by—

\* \* \*

(8) any other commanding officer designated by the Secretary concerned[.]

We also note that no other provision of the Uniform Code of Military Justice expressly provides *how* a court-martial should or must be convened. However, Article 36, UCMJ, 10 USC § 836, states:

**§ 836. Art. 36. President may prescribe rules**

(a) *Pretrial,* trial, and post-trial *procedures,* including modes of proof, for cases arising under this chapter *triable in courts-martial,* military commissions and other military tribunals, and procedures for courts of inquiry, *may be prescribed by the President by regulations* which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but which may not be contrary to or inconsistent with this chapter.

(Emphasis added.) In this light, we further note that the President has clearly delineated how a court-martial should be convened in the Manual for Courts–Martial, United States, 1984.

7. RCM 504(a) provides: "*In general.* A court-martial is created by a convening order of the convening authority." RCM 504(d) further provides:

(d) *Convening orders.*

(1) *General and special courts-martial.* A convening order for a general or special court-martial shall designate the type of

court-martial and detail the members and may designate where the court-martial will meet. If the convening authority has been designated by the Secretary concerned, the convening order shall so state.

### Discussion

See Appendix 6 for a suggested format for a convening order. [Appendix omitted.]

Nevertheless, this Court has made clear that not every failure to follow this type of regulation in the creation or the convening of a court-martial is jurisdictional and voids that court-martial's findings and sentence. *See United States v. Gebhart,* 34 MJ 189, 193 (CMA 1992); *United States v. Sparks,* 29 MJ 52, 58 (CMA 1989), *cert. denied,* 493 U.S. 1024, 110 S.Ct. 730, 107 L.Ed.2d 748 (1990); *United States v. Emerson,* 1 USCMA 43, 45, 1 CMR 43, 45 (1951); *see also United States v. King,* 28 MJ 397, 399 (CMA 1989).

■ 8. Turning to the present case we note that both the Court of Military Review and government appellate counsel have focused on a different Manual rule to determine whether this court-martial was properly or lawfully convened. They rely on RCM 601(b), which states: *"Who may refer.* Any convening authority may refer charges to a court-martial convened by that convening authority or a predecessor, unless the power to do so has been withheld by superior competent authority." They implicitly agree that a convening authority need not comply with the requirements of RCM 504 noted above when he refers a case to a court-martial already convened by his predecessor. They expressly disagree, however, whether MG Herrling can lawfully be considered a "predecessor" to the accused's convening authority, COL Warner, for purposes of this rule.

9. We agree with the argument of government appellate counsel on this point. *See generally United States v. Yates,* 28 MJ 60 (CMA 1989); *United States v. Jette,* 25 MJ 16 (CMA 1987). MG Herrling issued the challenged convening order in this case (CMCO Number 1) on January 23, 1992, as Commander, United States Army Training Center and Fort Dix, and as authorized by General Orders Number 3 from the Secretary of the Army. COL Warner succeeded to command of U.S. Army Training Center and Fort Dix on September 3, 1992, prior to referral on October 30, 1992, of this case to trial. Moreover, he was in command of this unit when it was "redesignated" United States Army Garrison, Fort Dix, on October 1, 1992, by General Orders No. 23 (1 Oct 92), and it was given general court-martial authority by the Secretary of the Army on October 23, 1992. 37 MJ at 961. Finally, the charge sheet reflects that he referred this case to trial as Commander, United States Army Garrison, Fort Dix, New Jersey. Regardless of the technical implication of service regulations in these circumstances, we hold that the military reality was that MG Herrling was a predecessor commander for purposes of RCM 601(b). *See United States v. Jette, supra; cf. United States v. Masterman,* 22 USCMA 250, 253, 46 CMR 250, 253 (1973) (although facts show redesignation under new command, court-martial jurisdiction specifically retained in zero-strength predecessor command).

■ 10. In any event, even if RCM 601(b) was not applicable in this case, we would not reverse this conviction on the basis that this court-martial was improperly convened. *See United States v. Gebhart* and *United States v. Sparks,* both *supra* at 494 ¶ 7. Normally, RCM 504 would require that the convening authority—Commander, United States Army Garrison, Fort Dix—issue a convening order detailing members to sit on this court-martial. COL Warner clearly did not do so in accordance with sections (a) and (d) of this rule but, instead, he referred this case to a court-martial convened by another commander. This action, while unusual in terms of regulatory form or procedure, did not have codal or jurisdictional significance. *See United States v. Wilkins,* 29 MJ 421 (CMA 1990); *see also United States v. King, supra.* COL Warner, at the time of referral, clearly had authority under Article 22(a)(8) to convene a court-martial and refer a case to it. Moreover, there was no objection by the defense to this procedure and no prejudice has been shown to have affected the accused

as a result of it. *United States v. Emerson,* 1 USCMA at 45, 1 CMR at 45.

## II

11. An additional question raised by the Court of Military Review's decision in this case is whether Article 25(d)(2) was violated by COL Warner's referral of this case to a court-martial previously convened by MG Herrling. That statute provides:

(2) When convening a court-martial, the convening authority shall detail as members thereof such members of the armed forces as, in his opinion, are best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament. No member of an armed force is eligible to serve as a member of a general or special court-martial when he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case.

While RCM 601(b) authorizes an exception to the regulatory convening requirements of RCM 504, we are not convinced that it can eliminate the statutory requirements for selection of members in Article 25(d)(2). *See generally United States v. McFadden,* 19 USCMA 412, 415, 42 CMR 14, 17 (1970). Accordingly, we must review the conclusion of the court below that Article 25(d)(2) was violated in this case which required reversal of this conviction.

12. Initially, we note that the convening authority, COL Warner, stated the following in his referral of this case to trial: "Referred for trial to the general court-martial convened by Court–Martial Convening Order Number 1, Headquarters, U.S. Army Training Center and Fort Dix, Fort Dix, New Jersey, dated 23 January 1992." Moreover, that convening order listed the names, ranks, and units of the detailed members of his command or redesignated command who were to sit in this case. Finally, in a post-trial memorandum for record, this same convening authority stated on letterhead for the United States Army Garrison:

AFZT–CO          Dec 11 1992

MEMORANDUM FOR RECORD

SUBJECT: Court Martial Panel in *US v. PV2 Loren F. Allgood,* 570–87–1031

Prior to referring this case to Court Martial Convening Order Number 1, Headquarters U.S. Army Training Center and Fort Dix, dated 23 January 1992, *I adopted the panel selections of my predecessor,* MG John P. Herrling.

(Emphasis added.)

13. In considering this record, we recognize that "adoption," at least in the Army context, is generally understood to include personal evaluation and selection of court-martial members as required by Article 25(d)(2). *See United States v. England,* 24 MJ 816, 817 (ACMR 1987), and cases cited therein. We think this construction of the record is particularly apt where the defense did not object at trial on the basis of Article 25(d)(2) and develop a record supporting a contrary conclusion or inference. *See United States v. Yates,* 28 MJ at 63 ("belated assertion of regulatory" violation "is at best speculative"). *Cf. United States v. Gaspard,* 35 MJ 678, 681 (ACMR 1992) (assistant trial counsel's comment undermined inference of personal selection). In addition, the Court of Military Review's finding of no personal selection in this case was based on extra-record evidence that some or most of the members detailed to the court were not at Fort Dix at the time this case was tried. *See* 37 MJ at 962 n. 2. However, the ability of a detailed member to appear for trial provides no rational inference concerning their suitability as court-members or whether they were previously properly selected as court-members by the convening authority. Accordingly, it is our view that the record before us amply supports a conclusion that COL Warner did personally select the members of this court-martial as required by Article 25(d)(2). *See United States v. Nixon,* 33 MJ 433, 435 (CMA 1991).

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for further review

under Article 66, Uniform Code of Military Justice, 10 USC § 866.

Judge WISS concurs.

GIERKE, Judge, with whom CRAWFORD, Judge, joins (concurring):

14. The first certified question raises two subsidiary issues: (1) Did the redesignation of the unit terminate the secretarial designation of the unit commander as a general court-martial convening authority; and (2) Did the redesignation terminate the existence of the unit?

15. I agree with the majority that the first subsidiary question need not be answered in this case. 41 MJ at 493 *n. 2.* Colonel Warner was a general court-martial convening authority in his own right by virtue of the secretarial grant of authority on October 23, 1992. *See* 37 MJ 960, 961 (ACMR 1993). This new secretarial designation preceded his referral of this case to a general court-martial on October 30. Even if the redesignation of the unit extinguished the commander's authority to convene general courts-martial as of October 1, that authority was restored by the secretarial grant of authority on October 23, 1992.

16. The second subsidiary question is directly related to resolution of certified Issue II. If the unit ceased to exist upon redesignation and was replaced by the United States Army Garrison, Fort Dix, then Major General (MG) Herrling was not a predecessor in command. If the unit continued to exist under a new name, then MG Herrling was a predecessor in command under RCM 601(b), Manual for Courts–Martial, United States, 1984.

17. The fundamental flaw in the decision of the court below is its conclusion that the United States Army Training Center and Fort Dix was "discontinued." 37 MJ at 962. In Army terminology, "redesignation" is a change of name. *See* Army Regulation 310–25, *Military Publications: Dictionary of United States Army* Terms 136 (21 May 1986). In this case the unit was renamed, not discontinued, just as this Court and the Courts of Military Review were renamed on October 5, 1994, without being discontinued.

*See* n. 1 of the Opinion of the Court. Since the unit continued to exist under a new name, MG Herrling was a predecessor in command.

18. Accordingly, I join the Chief Judge in holding that COL Warner had authority to refer this case to trial and that COL Warner's adoption of the panel selected by MG Herrling complied with RCM 601(b).

COX, Judge (dissenting):

19. This case turns on two salient facts, as found by the Court of Military Review:

When the Secretary of the Army redesignated the United States Army Training Center and Fort Dix as the United States Army Garrison, Fort Dix, the general court-martial convening authority of the Commander, United States Army Training Center and Fort Dix, was terminated. The commander of the United States Army Garrison, Fort Dix, became a *new* general court-martial convening authority by the grant of authority from the Secretary of the Army on 23 October 1992, and was not a successor in command of the United States Army Training Center and Fort Dix.

37 MJ 960, 962 (1993).

20. The first fact—that the general court-martial convening authority of the commander of the training center was terminated—makes sense to me. Otherwise, the Secretary of the Army would not have found it necessary to specifically grant the power to the new commander of the Army Garrison. It should be noted that, without this express grant of authority, the colonel who commanded United States Army Garrison, Fort Dix, would not have enjoyed the power to convene general courts-martial by statute. See Art. 22, Uniform Code of Military Justice, 10 USC § 822.

21. The second fact, of paramount importance, is that the Secretary of the Army did, in fact, designate the Commander of the United States Army Garrison, Fort Dix, as a General Court–Martial Convening Authority. Thus, had he followed the rules, he could

have lawfully convened a general court-martial and referred this case to it.

22. Based upon these two facts, I conclude that these charges could not have been referred to "a court-martial convened by ... a predecessor" convening authority. RCM 601(b), Manual for Courts–Martial, United States, 1984. There was no predecessor convening authority; indeed, there was no preceding command. If there was none, none can be created de facto.

23. Furthermore, I conclude that the charges were *not* referred to a general court-martial convened by the new convening authority. Granted, it can be argued that, even though the procedure used was highly irregular, the court-martial nevertheless was de facto (if not de jure) convened by reference to the old convening order and that the charges were properly referred to it. I could readily accept that argument except for one other fundamental proposition of law stated by the court below:

> A court-martial is properly convened when an authorized convening authority *personally selects* the members to sit as a court-martial. The court-martial is created by a convening order of the convening authority. RCM 504(a); *United States v. Stafford*, 25 MJ 609, 610 (ACMR 1987)....

37 MJ at 962 (emphasis added) (footnote omitted).

24. In this case it is apparent that the convening authority did not incidentally or inadvertently "personally select" the members by his referral because it is not disputed that the majority of the members on the order were no longer at Fort Dix at the time. See *United States v. Allgood*, supra at 962 n. 2. In addition, since there was no predecessor in command, no "authorized" convening authority selected the members.

25. Thus, I conclude, as did the Court of Military Review, that the accused's court-martial lacked jurisdiction to try him. I realize that my colleagues find comfort in the fact that Colonel Warner was indeed a bona fide general court-martial convening authority and, thus, we should not be bothered by the mere technicalities which impede the lawful prosecution of this accused for his misdeeds. My only retort to this ad hoc approach to justice is that it fails to consider this bedrock of all criminal law: No person shall suffer the punishment of a court of law unless that court has jurisdiction over the person and the case. Otherwise, we become like animals. He who is the strongest can assert his power over the weak and dare him to complain.

I respectfully dissent and would uphold the decision of the United States Army Court of Military Review setting aside the findings and sentence.