### UNITED STATES

v.

**Omar R. VARGAS, 460–53–9732
Storekeeper Seaman Recruit
(E–1), U.S. Navy.**

**NMCM 96 00755.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 23 Oct. 1995.

Decided 6 Aug. 1997.

---

CAPT Allan F. Elmore, JAGC, USNR, Appellate Defense Counsel.

CDR D.H. Myers, JAGC, USN, Appellate Government Counsel.

Before LUCAS, SEFTON and WYNNE, Appellate Military Judges.

WYNNE, Judge:

We have examined the record of trial, the assignment of error,[1] and the Government's response thereto. The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant was committed.

The appellant contends, for the first time, that his court-martial was improperly convened and could not sentence him because the record does not affirmatively show that the individual officer who referred his case to trial personally selected the members of the court-martial. *See* Art. 25(d)(2), Uniform Code of Military Justice, 10 U.S.C. § 825 (1994) [hereinafter UCMJ]; RULES FOR

COURTS–MARTIAL 504(d)(1), 601, MANUAL FOR COURTS–MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.].[2]

We are satisfied that this court-martial was personally and, therefore, properly convened and that no additional jurisdictional requirement arises simply because charges were referred to it by another individual. *United States v. King*, 28 M.J. at 399 (C.M.A. 1989). But because the appellant and the Government cite the decision in *United States v. Allgood*, 41 M.J. 492, *cert. denied*, —— U.S. ——, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995) with equal enthusiasm to support antithetical assertions, we begin the exposition of our logic by specifically distinguishing the present case from *Allgood*.

This court-martial was convened by a commissioned officer serving as the appellant's commanding officer, and the charge and specification were later referred to trial by another commissioned officer then serving in the same billet. The appellant pled guilty without objection to the constitution, composition, or jurisdiction of his court-martial, and elected to be sentenced by the military judge alone.

In *Allgood*, 41 M.J. 492, on the other hand, the convening authority's command was "redesignated" and the Secretary of the Army issued a new General Order No. 23 (1 OCT 92) designating the new commander as a "general court-martial authority" under Art. 22(a)(8), UCMJ, 10 U.S.C. § 822(a)(8). This "redesignation" and designation occurred after Private Allgood's court-martial was convened but before the charges against him were referred for trial.

The fact that the case before us does not involve any "redesignation" of the convening authority's command or new designation of court-martial convening authority is of decisive significance. *See Allgood*, 41 M.J. 492 (redesignation used as a term of art to describe the renaming of realigned commands),

1. APPELLANT'S COURT–MARTIAL WAS IMPROPERLY CONVENED IN THAT THE CONVENING AUTHORITY FAILED TO PERSONALLY SELECT THE COURT–MARTIAL PANEL MEMBERS. (Citations omitted.)

2. The appellant does not "challenge the competence or authority of the trial judge." *United States v. Daigle*, 1 M.J. 139, 141 (C.M.A.1975). "We conclude, therefore, that the proceedings before the trial judge antecedent to sentence [are] ... unaffected by the accused's challenge to the selection process." *Id.* at 142.

*and* Art. 22(a)(8), UCMJ, 10 U.S.C. § 822(a)(8) (a convening authority may be created by designation of the secretary concerned).

In the naval service we have never considered the prohibition on the delegation of certain court-martial duties first considered in *Runkle v. United States*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887) as proscriptive of the proper relief of the convening authority as an individual during the court-martial process. The convening authority may not delegate certain duties. *See United States v. Bunting*, 15 C.M.R. 84 (C.M.A. 1954); *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978). This does not mean, however, that the convening authority may not be relieved after performing those duties. *See* U.S. Navy Regulations, Chapter 10 (1990)(governing succession to command).

Even the President must perform his court-martial duties personally when the statute requires it, *Runkle*, 122 U.S. at 560, 7 S.Ct. at 1148, but "the convening power of a court[-]martial vests in the office, not in the person of the authority so acting." NAVAL COURTS AND BOARDS § 329 (1937); NAVAL COURTS AND BOARDS § 746 (1923). *See also Runkle*, 122 U.S. at 560, 7 S.Ct. at 1148 (President Hayes could correct an invalid court-martial order issued in the name of his predecessor, President Grant). For the naval service, R.C.M. 601(b) codifies only this narrow and longstanding principle. *See United States v. Miller*, 3 M.J. 326 (C.M.A. 1977) (officer served first as the convening

authority for and subsequently as a detailed member of the same court).[3]

The analytical technique applied to the somewhat unusual facts in *Allgood*, 41 M.J. 492, may have utility in re-constructing past events when the record of trial must be supplemented or a waiver of a statutory right is only implied, but we see no need for such a construction or waiver under the much more common factual pattern presented in the present case.[4]

In the case before us, the trial counsel's "averments of jurisdiction", included in the record without objection, are adequate to establish the proper constitution and jurisdiction of the court. *Runkle*, 122 U.S. at 556, 7 S.Ct. at 1146; Record at 2. It also appears from the record that all statutory and regulatory duties were personally performed by the officers required to perform them. There has been no neglect "of the forms and rules of procedure...." *Dynes v. Hoover*, 61 U.S. (20 How.) 65, 81, 15 L.Ed. 838 (1857). There is no evidence in the record of any error of law or prejudice to the accused. Art. 59, UCMJ, 10 U.S.C. § 859.

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge LUCAS and Judge SEFTON concur.

---

**3.** Our sister services have taken a much more expansive view of succession to command. In their jurisprudence, the referral of charges has often been used to correct defective convening orders. *Allgood*, 41 M.J. at 496. *See also United States v. England*, 24 M.J. 816 (A.C.M.R.1987); *United States v. Pulliam*, 14 M.J. 617 (A.F.C.M.R. 1982); *United States v. Shearer*, 6 M.J. 737 (A.C.M.R.1978); *United States v. Alvarez*, 5 M.J. 762 (A.C.M.R.1978); *United States v. Richardson*, 5 M.J. 627 (A.C.M.R.1978); *United States v. Sandall*, 45 C.M.R. 660 (A.C.M.R.1972).

**4.** We cannot clearly identify when and how the procedural requirement, so extensively considered in *Allgood*, 41 M.J. 492, came into being. "No provision in the Uniform Code of Military Justice directly and explicitly spells out the requirements and the form of reference of charges

for trial." *United States v. Simpson*, 36 C.M.R. 293, 295 (C.M.A.1966). Except for the passing reference in *Allgood*, 41 M.J. at 496, we find no statute or regulation that *requires* the convening authority who refers the charges to re-select the members. We do not believe, under the facts presented here, that *Allgood* creates such a requirement. We recognize that under our interpretation only the regulatory restriction of R.C.M. 601, the practical concerns of post-trial processing, and potential objections by the accused prevent any convening authority from referring charges to any court-martial convened by any other convening authority. We believe these safeguards have proven adequate. *See United States v. Emerson*, 1 C.M.R. at 45, *and United States v. King*, 28 M.J. 397 (C.M.A.1989), *cited with approval in Allgood*, 41 M.J. at 495.