UNITED STATES

v.

**Derek D. BREWICK, 357 78 3254, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 96 00622.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 4 Dec. 1995.

Decided 5 Dec. 1997.

"new matter" introduced after the addendum to the addendum.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

LCDR Nancy B. Jones, JAGC, USN, Appellate Government Counsel.

Before LUCAS, Senior Judge, and GRANT and OLIVER, Appellate Military Judges.

**GRANT, Judge:**

In trial before a special court-martial consisting of a military judge alone, the appellant was found guilty, pursuant to his pleas, of wrongful use of marijuana on two occasions in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1994)[hereinafter UCMJ]. He was sentenced to confinement for 120 days, forfeiture of $569.00 pay per month for 3 months, reduction to E–1, and a bad-conduct discharge. The convening authority approved the sentence but, in accordance with a pretrial agreement, suspended confinement in excess of 90 days for 12 months from the date of his action.

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto. We conclude that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the appellant was committed.

**Referral of Charges to the Court–Martial**

 In his first assignment of error the appellant alleges that the court-martial before which he was tried lacked jurisdiction because "[t]here is no evidence in the record that the convening authority personally selected the members." In his brief to this court, appellant relies on *United States v. Allgood,* 41 M.J. 492 (1995), to support his claim that his court-martial findings and sentence should be set aside. Interpreting the

---

1. I. THERE IS NO EVIDENCE IN THE RECORD THAT THE CONVENING AUTHORITY PERSONALLY SELECTED THE MEMBERS FOR APPELLANT'S COURT–MARTIAL, THEREBY DEPRIVING THE TRIAL COURT OF JURISDICTION OVER APPELLANT'S CASE.

II. THE STAFF JUDGE ADVOCATE COMMITTED REVERSIBLE PLAIN ERROR WHEN HE FAILED TO LIST ON HIS RECOMMENDATION APPELLANT'S ARMED FORCES EXPEDITIONARY RIBBON, JOINT MERITORIOUS UNIT CITATION RIBBON, SOUTHWEST ASIA RIBBON, AND SEA SERVICE DEPLOYMENT RIBBON. (Citations omitted.)

III. THIS COURT IS WITHOUT JURISDICTION TO REVIEW THIS CASE BECAUSE ITS JUDGES, WHEN ACTING IN THEIR JUDICIAL CAPACITY, ARE PRINCIPAL OFFICERS, WHO HAVE NOT BEEN APPOINTED TO THEIR POSITIONS IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

IV. APPELLANT'S COURT–MARTIAL LACKS JURISDICTION BECAUSE THE MILITARY TRIAL JUDGE, ACTING IN HIS JUDICIAL CAPACITY, WAS A PRINCIPAL OFFICER, WHO HAD NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

V. APPELLANT'S COURT–MARTIAL LACKS JURISDICTION BECAUSE THE CONVENING AUTHORITY, IN HIS CAPACITY AS A CONVENING AUTHORITY, WAS A PRINCIPAL OFFICER, WHO HAD NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

appellant's logic: a successor-in-command may use a predecessor's panel selections only if he "explicitly" adopts them; there was no explicit adoption in the documents before the court; therefore, this court-martial lacked jurisdiction.

■ The charge in this case was referred to a court-martial convened by a predecessor-in-command. This is a procedure specifically permitted under RULE FOR COURTS-MARTIAL 601(b), MANUAL FOR COURTS–MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]. The trial counsel, in reciting the jurisdictional facts at the beginning of the court-martial, indicated the name of the successor-in-command as the officer who referred the charge and he correctly listed the number and date of the convening order for the court-martial to which the charge was referred. The appellant raised no objection at trial to the jurisdiction of the court-martial, to the manner of convening the court-martial, to the selection of members for the court-martial under criteria established by Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2), or to the referral of the charge to that court-martial. There is no present claim that he was prejudiced in any manner by perceived deficiencies in either the convening or referral process. Ultimately, he elected to proceed to trial before military judge alone and was found guilty of the charges and specifications pursuant to his unconditional pleas of guilty.

■ Objections based on defects (other than jurisdictional defects) in the preferral, forwarding, investigation, or referral of charges must be made before pleas are entered. Failure to do so shall constitute waiver. R.C.M. 905(b)(1) and (e). Arguably at least, because the appellant in the instant case made no objection before pleas to the referral difficulty he perceives, the issue is waived.

The appellant argues lack of jurisdiction but provides no factual basis to advance that claim. We do not find support for the appellant's claim in either *Allgood* or within the record of proceedings before this court. On its face, the referral action was proper; likewise, the court-martial was properly convened. While there is no explicit statement of adoption of the selection of court members by the successor-in-command, we are not aware of any authority that so requires. *Allgood* certainly does not mandate an explicit adoption statement.

The primary question which our superior court faced in *Allgood* dealt with whether the commander of a unit that was later redesignated, which is to say renamed, was a predecessor-in-command of the officer who referred the charges against Private Allgood to trial using the "predecessor's" convening order. Sorting through Army technical regulations, our superior court found the "military reality" was that the commander of the unit before redesignation was a "predecessor commander for purposes of RCM 601(b)." *Allgood*, 41 M.J. at 495. The court also noted that the commander of the redesignated command had authority under Article 22(a)(8), UCMJ, 10 U.S.C. § 822(a)(8), to convene a court-martial and refer a case for trial, that there had been no objection to the procedure used in referring the case to trial, and that there was no prejudice shown to have affected the accused as a result of it. *Allgood*, 41 M.J. at 495–96. Ultimately, the court found jurisdiction in the court-martial.

The court further observed "even if RCM 601(b) was not applicable in this case, we would not reverse this conviction on the basis that this court-martial was improperly convened." *Id.* at 495. The action in referring the charge to a court convened by another commander "did not have codal or jurisdictional significance." *Id.* (citing *United States v. Wilkins*, 29 M.J. 421 (C.M.A.1990)). *See also United States v. Sparks*, 29 M.J. 52, 58 (C.M.A.1989)(holding that "not every error which concerns the appointment of court members or the referral of charges is 'jurisdictional'"); *United States v. King*, 28 M.J. 397, 399 (C.M.A.1989)(holding that defective referral was non-jurisdictional error to be tested for prejudice).

A secondary question in *Allgood* involved compliance with Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2). This provision concerns the qualification and selection of court members at the time a court-martial is convened, as opposed to the time charges are referred

to it. As it happens, the successor-in-command who referred the charges against Private Allgood to trial stated in a **post-trial** memorandum that he had "adopted" the panel selections of his predecessor. *Allgood,* 41 M.J. at 496. Our superior court no doubt found this statement useful on the second question. The key to resolution, however, was not so much a statement by the successor-in-command "adopting" court members previously selected as it was the court's reliance on the fact that "the defense did not object at trial on the basis of Article 25(d)(2) and develop a record supporting a contrary conclusion or inference." The court then cited to *United States v. Yates,* 28 M.J. 60, 63 (C.M.A.1989), for the proposition that a "belated assertion of regulatory irregularity ... is at best speculative." *Allgood,* 41 M.J. at 496.

The facts in the instant case are less complicated than those in *Allgood* because they do not begin with a "redesignation." Simply stated, the charge against this appellant was referred to a court-martial convened by a predecessor for purposes of R.C.M. 601(b). The commander of the unit had authority under Article 23(a)(5), UCMJ, 10 U.S.C. § 823(a)(5), to convene a special court-martial and refer a case to trial. There was no objection to the referral procedure used, and the defense has not shown prejudice to the accused as a result of it. There was no requirement for the referral authority to state that he "adopted" the members selected by a predecessor in command. To the extent an "adoption" is required or helpful, we can presume as much from his action in sending the charge to that court-martial, absent any evidence to the contrary. The appellant was tried by an assembled special court-martial consisting of military judge alone. Art. 16(2)(C) and 26, UCMJ, 10 U.S.C. §§ 816(2)(C) and 826. This court-martial had full authority to enter findings and adjudge a sentence, which it did. Art. 19, UCMJ, 10 U.S.C. § 819. Absent objec-

tion at trial and the presentation of something on which to support a contrary inference, the court-martial had jurisdiction to try the appellant.[2] The assigned error has no merit.

## Staff Judge Advocate Recommendation

■ In his second assignment of error the appellant complains that the Staff Judge Advocate's Recommendation (SJAR) is deficient because it does not contain an accurate listing of the medals that he is authorized to wear. A summary of an accused's service record, to include awards and decorations, must be included in the SJAR. R.C.M. 1106(d)(3)(C).

■ The Government, in its brief, concedes that the appellant is entitled to wear the Armed Forces Expeditionary Medal, the Southwest Asia Service Medal, the Joint Meritorious Unit Citation Ribbon, and the Sea Service Deployment Ribbon. In the SJAR, the staff judge advocate listed only the National Defense Service Medal and the Rifle Expert Badge, both of which the appellant is also entitled to wear. The complete listing, except for the Rifle Expert Badge, was documented in the record of trial. Record at 4. The convening authority states in his post-trial action that he considered the SJAR but does not indicate whether he considered either the record of trial or the appellant's service record. The trial defense counsel made no comment regarding the SJAR. In the absence of plain error, such a failure to comment waives any subsequent claims of error. R.C.M. 1106(f)(6).

"Plain error" is said to be error, or deviation from a legal rule, clear and obvious under current law. It must also affect the substantial rights of the appellant which typically, but not always, means the error was "prejudicial" to the appellant, i.e., it "affected the outcome of the ... proceedings." Once the court determines that the appellant has met the burden of persuasion with respect to all three requirements for plain error, "the

---

2. *United States v. Ryan,* 5 M.J. 97 (C.M.A.1978), another decision the appellant relied on, likewise provides no support for his claim. In that case, testimony at trial revealed that staff subordinates, rather than the convening authority acting personally, placed enlisted members on the panel. The Court of Military Appeals merely interpreted and reaffirmed the longstanding rule that the responsibilities of the convening authority concerning member selection are to be exercised personally and the function is non-delegable. *Id.* at 100–01.

[Federal civilian court] has authority to order correction, but is not required to do so." *See United States v. Demerse,* 37 M.J. 488, 491 (C.M.A.1993)(citing *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Remedial action would be taken only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555, *quoted in United States v. Olano,* 507 U.S. at 736, 113 S.Ct. at 1779, *United States v. Fisher,* 21 M.J. 327, 328 (C.M.A.1986), and *Demerse,* 37 M.J. at 491.

In *Demerse,* our superior court recognized the importance of the awards pertaining to service in Vietnam for an accused who came before the court-martial twenty years thereafter. The court "wholeheartedly agreed" with the argument of appellate defense that service in Vietnam carried special distinction, even more noteworthy some 20 years after cessation of hostilities in Vietnam, as it was becoming increasingly rare to find service members on active duty with Vietnam service. *Demerse,* 37 M.J. at 493. The court found plain error and ordered a new SJAR and convening authority's action because the staff judge advocate failed to include in the SJAR a listing of Demerse's several Vietnam service awards and decorations, including a combat action ribbon. *Id.*

We distinguish the appellant's omitted awards from the awards omitted in *Demerse.* First, the appellant's awards connote service of recent vintage; thus, they do not provide the unique aspects that Vietnam service provided to Demerse who at the time of his trial was a career petty officer with 18 years service. Second, the awards for the appellant come as a consequence of his deployment to the area and are not said to be for a combat operation. While we do not in any way intend to make light of the appellant's service or his awards for deployment to Southwest Asia, we conclude that his awards were not likely to have the same impact on the convening authority as those of *Demerse.* *See also United States v. Lynch,* 39 M.J. 37 (C.M.A.1993)(summary disposition)(holding that omission of the Sea Service Deployment Ribbon was not considered prejudicial to the

substantial rights of the accused and therefore was not plain error); *United States v. Barnes,* 44 M.J. 680 (N.M.Ct.Crim.App.1996) (holding that failure to include Navy Commendation Medal for service as Assistant Operations Chief for a ground combat element, Marine Forces, Somalia, among list of citations in SJAR constituted plain error); and *United States v. Thomas,* 39 M.J. 1078, 1082 (C.G.C.M.R.1994)(holding that the rule in *Demerse* is limited to decorations for service related to armed conflict, and does not apply to unit commendation medals).

The appellant pleaded guilty to use of marijuana on two occasions and was found guilty pursuant to those pleas. He offered little in extenuation and mitigation of the offenses other than a brief unsworn statement in which he requested a bad-conduct discharge. *See* Record at 32. This request is relevant to our resolution of the matter because it affects any possible claim of prejudice as a consequence of the SJAR error. We note that the appellant makes no claim of specific prejudice before this court and we decline to find general or presumed prejudice under the facts of this case. Though there is legal error in the SJAR deficiency, clear and obvious under current law, it is not "plain error" because the appellant has not shown that the error affected his "substantial rights." *Demerse,* 37 M.J. at 491.

Following a slightly different analysis, and examining the legal error within the context of the entire record of the case, this error did not have "an unfair prejudicial impact" on the outcome, which is the sentence as approved by the convening authority. *See United States v. Fisher,* 21 M.J. 327, 328 (C.M.A.1986)(quoting *United States v. Young,* 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985)). Even if we found the error to be "plain error" under an *Olano* analysis, we would decline to take remedial action because the error does not "seriously affect the fairness, integrity, or public reputation" of the court-martial and the post-trial process. *Olano,* 507 U.S. at 736, 113 S.Ct. at 1779 (quoting *Atkinson,* 297 U.S. at 160, 56 S.Ct. at 392).

We conclude that the assigned error is without merit.

### Principal Officers

The final three summary assignments of error concern the appointment of the convening authority, the trial judge, and the judges of this court. For the reasons discussed in *United States v. Grindstaff*, 45 M.J. 634 (N.M.Ct.Crim.App.), *petition denied*, 47 M.J. 66 (1997), we find them all to be without merit.

Senior Judge LUCAS and Judge OLIVER concur.