# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**DANIEL R. WISE**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201300192**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 28 February 2013.
**Military Judge:** LtCol Chris Thielemann, USMC.
**Convening Authority:** Commanding Officer, 1st Marine
Logistics Group, MarForPac, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** Maj A.J. Workman,
USMC.
**For Appellant:** CAPT Bree Ermentrout, JAGC, USN.
**For Appellee:** LCDR Clayton Trivett, JAGC, USN; LT Lindsay
Geiselman, JAGC, USN.

**16 January 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial
convicted the appellant, pursuant to his pleas, of one
specification of making a false statement and one specification
of wrongfully possessing child pornography, in violation of
Articles 107 and 134, Uniform Code of Military Justice, 10
U.S.C. §§ 907 and 934. The military judge sentenced the
appellant to forty-two month's confinement, reduction to pay

grade E-1, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged, suspended confinement in excess of eighteen months pursuant to a pretrial agreement, and, except for the dishonorable discharge, ordered the sentence executed.

The appellant's sole assignment of error is that the general court-martial lacked jurisdiction because the CA who referred the appellant's charges failed to personally review and select the court-martial members.  After careful consideration of the record of trial and the submissions of the parties, we are convinced that the court-martial had jurisdiction over the case, that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant's court-martial was convened pursuant to General Court-Martial Convening Order (GCMCO) 1-09, dated 15 May 2009, which was promulgated by Colonel A. Ardovino, USMC, who at that time was serving as Commander, 1st Marine Logistics Group (MLG).  The appellant's charges were referred to GCMCO 1-09 on 24 January 2013 by Colonel R.G. Lawson, USMC, who signed the referral block as Commander, 1st MLG.

At arraignment, trial counsel stated that Colonel Lawson specifically adopted GCMCO 1-09 as the successor in command.[1] Trial defense counsel raised no objection to either Colonel Lawson's adoption of GCMCO 1-09 or the jurisdiction of the court-martial.

## Analysis

Whether a court-martial was properly convened is a question of law we review *de novo*.  *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006).  Jurisdiction of a court-martial "depends upon a properly convened court, composed of qualified members chosen by a proper convening authority, and with charges properly referred."  *United States v. Adams*, 66 M.J. 255, 258 (C.A.A.F. 2008) (citing Art. 25, UCMJ and RULES FOR COURTS-MARTIAL 201(b) and 503-505, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.)).  "[I]f there is a fundamental defect in th[e] [convening] order, the very document itself is negated and no court exists."

---

[1] Record at 2.

*United States v. Ryan*, 5 M.J. 97, 101 (C.M.A. 1978) (finding reversible error where CA did not personally designate panel members listed on convening order).

When referring charges to a court-martial convened by a predecessor, a successor in command is not required to explicitly state that he or she "adopts" the panel to comply with Article 25(d)(2), UCMJ. *United States v. Brewick*, 47 M.J. 730, 733 (N.M.Ct.Crim.App. 1997); *United States v. Gilchrist*, 61 M.J. 785, 788 (Army Ct.Crim.App. 2005). Absent evidence to the contrary, this court presumes from the act of referral that a successor in command adopts his or her predecessor's panel member selections. *Brewick*, 47 M.J. at 733. Moreover, here the trial counsel specifically stated on the record at arraignment that Colonel Lawson, the commander referring the subject charges, specifically adopted GCMCO 1-09, convened by his predecessor in command, Colonel Ardovino. Record at 2. In the absence of evidence to the contrary, we presume that the "'averments of jurisdiction', included in the record without objection, are adequate to establish the proper constitution and jurisdiction of the court." *United States v. Vargas*, 47 M.J. 552, 554 (N.M.Ct.Crim.App. 1997) (quoting *Runkle v. United States*, 122 U.S. 543, 546 (1887)).

Here, the appellant offers no evidence to suggest that Colonel Lawson's adoption of GCMCO 1-09, as represented on the record by the trial counsel, was improper.[2] Instead, he argues that "the record fails to establish that Colonel Lawson considered the characteristics of each member of [GCMCO 1-09] before adopting the order. . . . [therefore] Appellant's court-martial was improperly formed and consequently lacks jurisdiction . . . ." Appellant's Brief of 1 Jul 2013 at 3. As we stated in *Vargas*, we are aware of no authority requiring a successor in command to specifically re-select each member when adopting a panel properly convened by a predecessor in command. *Vargas*, 47 M.J. at 554, n.4.

We conclude that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts.

---

[2] To the contrary, at arraignment trial defense counsel specifically disavowed any concerns with the referral of charges. Record at 10.

3

59(a) and 66(c), UCMJ.  The findings and sentence as approved by the CA are affirmed.

For the Court


R.H. TROIDL
Clerk of Court