### UNITED STATES

v.

**Robert L. BARNES, 345 62 8931, Staff Sergeant (E–6), U.S. Marine Corps.**

**NMCM 94 01927.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 12 May 1994.

Decided 19 July 1996.

LT Kathryn L. Clune, JAGC, USNR, Appellate Defense Counsel.

Maj Stephen P. Finn, USMC, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, and WELCH, J.

WELCH, Judge:

The appellant was tried on 4, 7 April and 12 May 1994, by a special court-martial composed of a military judge alone. Contrary to his pleas, he was convicted of a single specification of using marijuana, in violation of Article 112a of the Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a. The appellant was sentenced to be discharged from the military service with a bad-conduct discharge. The convening authority approved the sentence as adjudged.

■ In this appeal, the appellant raises two assignments of error.[1] Our disposition of the issue presented by the appellant's second assignment of error renders it unnecessary for us to discuss the issue raised in the first assignment of error. In his second assignment of error, the appellant contends that the staff judge advocate committed plain error by failing to include certain required matters in his post-trial recommendation to the convening authority. Specifically, the appellant complains that the post-trial recommendation omitted the fact that the appellant had been awarded the Navy Commendation Medal for meritorious service as Assistant Operations Chief for a ground combat element, Marine Forces, Somalia, from 30 December 1992 to 26 April 1993.

The staff judge advocate is required to include in his post-trial recommendation to the convening authority "a summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions." Rules for Courts–Martial [R.C.M.], 1106(d)(3)(C). The recommendation must be served on the defense counsel who "may submit, in writing, corrections or rebuttal to any matter in the recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter." R.C.M. 1106(f)(4). The failure of the defense counsel to comment on the recommendation in a timely manner waives a later claim of error with regard to such matter in the absence of plain error. Article 60(d), UCMJ, 10 U.S.C. § 860(d); R.C.M. 1106(f)(6). Because no response to the staff judge advocate's recommendation was submitted in this case, the error would be deemed waived, unless we determine that the inadequacy of the staff judge advocate's recommendation is so obvious and substantial as to amount to plain error.

There is no "hard and fast rule" as to what errors or omissions in a post-trial recommendation so seriously affect the fairness and integrity of the proceedings as to require appellate relief. However, it has been held that the failure to include Vietnam service decorations in a post-trial recommendation constituted plain error. *United States v. Demerse*, 37 M.J. 488 (C.M.A.1993). Also, the failure to include information in a recommendation concerning the accused's prior service in the Army and his receipt of two Army Achievement Medals has been held to be plain error. *United States v. Hollon*, 39 M.J. 38 (C.M.A.1993)(summary disposition). However, the omission of information concerning the accused's receipt of the Sea Service Deployment Ribbon was not considered

---

1. I. THE MILITARY JUDGE ERRED IN CONVICTING APPELLANT OF WRONGFUL USE OF DRUGS BECAUSE APPELLANT'S EVIDENCE OF INNOCENT INGESTION AND OF GOOD MILITARY CHARACTER RAISED A REASONABLE DOUBT AS TO HIS GUILT.

II. THE STAFF JUDGE ADVOCATE COMMITTED PLAIN ERROR BY OMITTING APPELLANT'S AWARDS AND DECORATIONS FROM HIS RECOMMENDATION TO THE CONVENING AUTHORITY.

to have been prejudicial to the substantial rights of the accused and therefore was not plain error. *United States v. Lynch* 39 M.J. 37 (C.M.A.1993)(summary disposition). *See also United States v. Thomas*, 39 M.J. 1078, 1082 (C.G.C.M.R.1994)(holding that the rule in *United States v. Demerse* is limited to decorations for service related to armed conflict, and does not apply to unit commendation medals).

At the time of the commission of the single use of marijuana offense of which he was convicted in this case, the appellant was a staff sergeant who had served nearly 14 years on active duty in the United States Marine Corps with no previous record of disciplinary problems. The Navy Commendation Medal which he received, for meritorious combat related service less than a year before his trial, was a significant and noteworthy personal achievement.[2] The failure to include these matters in the staff judge advocate's recommendation deprived the convening authority of important information concerning the appellant's prior service and may well have affected the outcome of his sentence review.[3]

Sentence review by the convening authority "is the accused's best hope for sentence relief." *United States v. Bono*, 26 M.J. 240, 243 n. 3 (C.M.A.1988). It is difficult to determine how a convening authority would have exercised his broad discretion if all of the information required by R.C.M. 1106(d)(3) had been available to him before he took his action. *United States v. Hill*, 27 M.J. 293, 296 (C.M.A.1988). Accordingly, a remand is usually in order, so that an accused is placed in the position he would have occupied if the error had not occurred. "This remedy not only will protect the accused from prejudice but also will help assure future compliance by staff judge advocates." *Id.*, 27 M.J. at 296.

In determining whether the "plain error" rule should be invoked in a particular case, "the record must be considered as a whole." *United States v. Ruiz*, 30 M.J. 867, 869 (N.M.C.M.R.1990). Under the circumstances of this case, considering the record as a whole, we hold that the failure of the staff judge advocate to advise the convening authority in the post-trial recommendation that the appellant had received the Navy Commendation Medal for meritorious service as Assistant Operations Chief for a ground combat element, Marine Forces, Somalia, from 30 December 1992 to 26 April 1993, was plain error.

Accordingly, the convening authority's action is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to the same or a different convening authority for a new staff judge advocate's recommendation and a new convening authority's action in accordance with R.C.M. 1106 and 1107.

Senior Judges KEATING and CLARK concur.

---

2. Secretary of the Navy Instruction 1650.1E CH–3 of 15 March 1985; subj: Navy and Marine Corps Awards Manual [SECNAVINST 1650.1E], ¶ 221 at 2–9, 2–10 establishes the criteria for the Navy Commendation Medal as "[o]utstanding and worthy of special recognition.... The performance should be well above that usually expected of an individual commensurate with his grade or rate, and above that degree of excellence which can be appropriately reflected in the individual's fitness report or personnel record."

3. When taking his action, the convening authority is only required to consider the results of trial, the recommendation of the staff judge advocate, and matters submitted by the defense, if any. R.C.M. 1107(b)(3)(A). The convening authority may, but is under no obligation to, consider additional matters, including the accused's personnel records and the record of trial. R.C.M. 1107(b)(3)(B). We cannot assume that the convening authority in this case was aware of the appellant's Navy Commendation Medal or his combat service in Somalia merely because these matters were reflected in his personnel records or evidence of them was admitted at trial.