**UNITED STATES, Appellee,**

v.

**Sergeant Jose R. CASES, SSN 074–42–1815, United States Army, Appellant.**

**CM 437044.**

U. S. Army Court of Military Review.

28 Feb. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Willard E. Nyman, III, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

■ The appellant's plea of guilty to indecent assault in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, was accepted by the trial judge at a general court-martial convened at Fort Monmouth, New Jersey. The sentence approved by the convening authority is reduction to the grade of Specialist E–4 and forfeiture of $200.00 per month for four months.[1] The record was referred to this Court for review by The Judge Advocate General pursuant to Article 69, UCMJ, 10 U.S.C. § 869, for resolution of the jurisdictional issue.

1. That portion of the sentence purporting to change the appellant's status from sergeant to specialist is illegal. Only a reduction to enlisted pay grade E–4 may be affirmed. *United States v. Williams,* 46 C.M.R. 435 (A.C.M.R. 1972).

Prior to 1 January 1978, the U.S. Army Electronics Command (ECOM) exercised general court-martial authority at Fort Monmouth. On that date that organization was discontinued and replaced by the U.S. Army Communications and Electronics Materiel Readiness Command (CERCOM). On 9 January 1978, the commander as convening authority of the latter organization referred the present case to trial and the trial was conducted on 25 January 1978. However, the Secretary of the Army did not issue an order until 1 May 1978, with an effective date of 3 February 1978, designating him a general court-martial convening authority.

The government's position at the trial and before this Court is that since the structure, mission, personnel strength and commander of ECOM and CERCOM are basically the same, the mere redesignation of ECOM to CERCOM did not divest its commander of the authority to convene general courts-martial. It relies upon *United States v. Masterman,* 22 U.S.C.M.A. 250, 46 C.M.R. 250 (1973) for support of its contention.

■ Article 22(a), UCMJ, 10 U.S.C. § 822(a), provides that general courts-martial may be convened in the Army by the President and commanders empowered by him, the Secretary of the Army and commanders he designates, and commanders of a Territorial Department, an Army Group, an Army, an Army Corps, a division, a separate brigade, or a corresponding unit. No one else has the authority to convene general courts-martial in the Army and no one, except the President, having this authority can delegate or transfer it to another. Article 140, UCMJ, 10 U.S.C. § 940; paragraph 5a(5), Manual for Courts-Martial, United States, 1969 (Revised edition).

■ The U.S. Army Communications and Electronics Materiel Readiness Command (CERCOM) does not correspond to any of the Army units mentioned in Article 22(a). Instead, it is a command assigned to the U.S. Army Materiel Development and Readiness Command (DARCOM). Therefore, its authority to convene general courts-martial is not statutory but is derived from the Secretary of the Army, as evidenced by his order of designation dated 1 May 1978. Since the order became effective *after* the trial proceedings were conducted, the commander was without jurisdiction to convene the court.[2]

■ In *United States v. Masterman, supra,* it was held that a commanding general's power to convene general courts-martial was unaffected where his organization, although inactive, continued to exist as a part of a joint command on paper only; and where he continued to exercise his functions as commander of the organization, even though he was assigned to the joint command. The case before us is distinguishable from *Masterman* because the U.S. Army Electronics Command (ECOM) was *discontinued,* not simply inactivated. The commander lost his authority to convene general courts-martial when ECOM was discontinued. This authority was not transferred with him when he assumed command of the U.S. Army Communications and Electronics Materiel Readiness Command (CERCOM) solely because the mission, personnel and location of both organizations were essentially the same. The power to convene courts is not personal in nature but constitutes a part of the function of the office that the commander occupies. *United States v. Williams,* 6 U.S.C.M.A. 243, 19 C.M.R. 369 (1955).

For the foregoing reasons, the Court finds the proceedings, findings, and sentence invalid and the same are hereby declared void. Considering the lenient sentence, the time elapsed since the offense was committed (10 October 1977), the error herein and the entire record, the charge is hereby dismissed.

Senior Judge MITCHELL and Judge DRIBBEN concur.

---

2. Action by the convening authority approving the sentence and ordering it executed was taken on 28 April 1978, after designation by the Secretary of the Army. His action could not, however, validate the proceedings that were void of jurisdiction *ab initio.*