# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CONN, HOFFMAN, and GIFFORD
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JOSHUA D. SMITH**
**United States Army, Appellant**

ARMY 20090758

Headquarters, Fort Lewis
Kwasi Hawks, Military Judge
Colonel Mitchell R. Chitwood, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Captain Shay Stanford, JA; Captain Tiffany K. Dewell, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Lisa Gumbs, JA (on brief).

5 August 2010

---
OPINION OF THE COURT
---

GIFFORD, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of absence without leave (two specifications), failure to repair, wrongful distribution of a controlled substance (three specifications), and wrongful use of a controlled substance (six specifications), in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ and 886 and 912a, [hereinafter UCMJ]. The convening authority approved the adjudged sentence to confinement for three-hundred and sixty-six (366) days and reduction to Private E1. This case is before this court for review pursuant to Article 66, UCMJ [10 U.S.C. 866].

In his sole assignment of error, appellant queries:

WHETHER THE ACTING COMMANDER, FORT LEWIS, HAS ANY UCMJ AUTHORITY DESIGNATED BY THE SECRETARY OF THE ARMY, AND WHETHER HE

HAD JURISDICTION TO TAKE ACTION IN
APPELLANT'S CASE.

As discussed below, the record of trial establishes: 1) pursuant to Article 22, UCMJ, [10 U.S.C. § 822] the Secretary of the Army appointed the Commander, Fort Lewis, a general court-martial convening authority; and 2) at all times legally relevant to appellant's case, Brigadier General (BG) Jeff W. Mathis, III, was serving as the Acting Commander, Fort Lewis. As a result, we conclude BG Mathis had full authority under Article 22, UCMJ, to convene appellant's court-martial and retained such authority throughout all actions legally relevant to appellant's case. There is no jurisdictional error in the case.

## I. BACKGROUND

The charge sheet reflects that on 26 June 2009, appellant's charges were referred to trial by BG Jeff W. Mathis, III, pursuant to Court Martial Convening Order (Corrected Copy) Number 6, dated 20 May 2009 [hereinafter CMCO No. 6].[1] Brigadier General Mathis took final action in appellant's case on 8 January 2010.

Court Martial Convening Order (Corrected Copy) No. 6 referenced Headquarters, Department of the Army General Order Number 10 (Gen. Order No. 10), 9 April 1981, as authority to convene general courts-martial.[2] Rule for Courts-Martial [hereinafter R.C.M.] 504(d)(2). *See also* Appendix 6, *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*, 2008]. In Gen. Order No. 10, the Secretary of the Army designated "Commander, Fort Lewis" as a general court-martial convening authority pursuant to Article 22(a)(6), UCMJ.

The record of trial includes assumption of command orders signed by BG Mathis which are dated 23 March 2009. The record of trial also includes a memorandum, dated 18 March 2009, and signed by Lieutenant General (LTG) Charles Jacoby. In this memorandum, LTG Jacoby indicates he was temporarily relinquishing command of Fort Lewis, Washington, to BG Mathis due to operational necessity based on Operation Iraqi Freedom (OIF). Among other things, the memorandum states that BG Mathis was the next senior regularly assigned officer who would remain at Fort Lewis, Washington, while LTG Jacoby was deployed and referenced Gen. Order No. 10, dated 9 April 1981.

---

[1] Government Appellate Exhibit 1.

[2] Court-Martial Convening Order No. 6 (Corrected Copy) was issued by the Commander, Fort Lewis.

## II. DISTINCTION BETWEEN COMMAND and CONVENING AUTHORITY

Appellant does not challenge whether BG Mathis was properly serving as the Acting Commander, Fort Lewis, Washington, when he referred appellant's charges and through the time he took final action.[3] We further note the assumption of command orders signed by BG Mathis are dated 23 March 2009, prior to all legally relevant actions in appellant's case. The assumption of command orders substantially comply with Army Regulation 600-20.[4] As a result, we conclude BG Mathis was the Acting Commander, Fort Lewis, at all times legally relevant to appellant's case and do not substantively analyze that issue. We further note it is well established under case law that an acting commander may serve as a convening authority. *United States v. Brown*, 39 M.J. 114, 117 (C.M.A. 1994) and *United States v. Bunting*, 4 U.S.C.M.A. 87, 15 C.M.R. 84, 87 (1954). *See also* R.C.M. 103(6).

### III. JURISDICTIONAL AUTHORITY

Appellant predicates his challenge on the relationship between the Headquarters, Department of the Army General Order relied upon by the government in his court-martial—Gen. Order No. 10, dated 9 April 1981—and the Secretary of the Army's issuance of Headquarters, Department of the Army General Order Number 27 (Gen. Order No. 27) on 13 November 1981.[5] Headquarters, Department of the Army General Order Number 27 designated the "Commander, I Corps & Fort Lewis" as a general court-martial convening authority. The Secretary of the Army's designation of "Commander, I Corps & Fort Lewis" as a general court-martial convening authority in Gen. Order No. 27 is colloquially referred to as a "combined" designation.

---

[3] *See* Appellant's Brief, p. 12.

[4] *Army Command Policy* (18 March 2008).

[5] The Government submitted CMCO No. 6 (Corrected Copy) during the course of this court's appellate review. During appellant's court-martial, Court Martial Convening Order No. 6, which was originally included in appellant's record of trial, cited to Gen. Order No. 27, 13 November 1981. Because appellant is questioning the jurisdiction of his court-martial, our consideration of CMCO No. 6 (Corrected Copy) is appropriate. *United States v. Goudge*, 39 C.M.R. 324, 330-331 (A.B.R. 1968), relying on *Givens v. Zerbst*, 255 U.S. 11, 19-21 (1921).

Appellant's claim of jurisdictional error rests, *inter alia*, on a claim that the Secretary of the Army's "combined" designation of the "Commander, I Corps & Fort Lewis" as a general court-martial convening authority in Gen. Order No. 27 essentially extinguished or subsumed the independent authority provided for the Commander, Fort Lewis in Gen. Order No. 10. Further, appellant asserts that no authority existed for LTG Jacoby to bifurcate (*i.e.*, "split") the "combined" authorities in Gen. Order No. 27. Stated alternatively, appellant asserts that when LTG Jacoby deployed to OIF, he had no authority to "split" the Secretary of the Army's combined general court-martial convening authority designation of "Commander, I Corps & Fort Lewis" in Gen. Order No. 27 and allow BG Mathis to exercise the general court-martial convening authority for Commander, Fort Lewis, while LTG Jacoby exercised the general court-martial convening authority of Commander, I Corps.[6] As a result, appellant asserts, *inter alia*, that while serving as the Acting Commander, Fort Lewis, Washington, BG Mathis had no general court-martial convening authority when acting in appellant's case.

We begin by noting that, simply stated, an installation commander does not have statutory authorization under the UCMJ to convene general courts-martial. *See* UCMJ art. 22. [10 U.S.C. § 822]. As a result, he may do so only when designated by the Secretary concerned (Article 22(a)(8), UCMJ, *MCM*, 2008 [10 U.S.C. 822(a)(8)]) or the President (Article 22(a)(9), UCMJ, *MCM*, 2008 [10 U.S.C. 822(a)(9)]).

In both Gen. Order No. 10 and Gen. Order No. 27, the Secretary of the Army cited Article 22(a)(6), UCMJ, as authority for designating general courts-martial convening authorities.[7] Article 22(a)(6) is the predecessor to the current version of Article 22(a)(8).[8] Article 22(a)(6), UCMJ, *MCM*, 1969, authorized, *inter alia*, the Secretary of the Army to designate general courts-martial convening authorities.

---

[6] In 1981, in addition to Gen. Order No. 10 and Gen. Order No. 27, an additional Headquarters, Department of the Army General Order was issued that pertained to Fort Lewis. Headquarters, Department of the Army General Order No. 3, dated 19 January 1981 (Gen. Order No. 3) designated the Commander, 9th Infantry Division and Fort Lewis as a general court-martial convening authority. Headquarters, Department of the Army General Order No. 3 is not material to the instant case.

[7] Pursuant to the 1969 Manual for Courts-Martial, in effect in 1981, Article 22(a)(6) provided: "General courts-martial may be convened by -- any other commanding officer designated by the Secretary concerned."

[8] Article 22(a)(8) of the current Manual for Courts-Martial (2008) provides: "General courts-martial may be convened by -- any other commanding officer designated by the Secretary concerned." 10 U.S.C. § 822(a)(8).

In Gen. Order No. 27, the plain language reflects the Secretary of the Army took action to "designate" a convening authority under Article 22—no more, no less. *See* Appendix A. Headquarters, Department of the Army General Order No. 27 does not reflect that it rescinded or superseded Gen. Order No. 10. *See* Appendix B. Additionally, appellant has not provided evidence to the contrary. Headquarters, Department of the Army General Order No. 10 from the Secretary of the Army provides a "firm basis" for determining that appellant's court-martial was legally constituted—*i.e.*, that the jurisdictional prerequisites have been met. *See Goudge*, 39 C.M.R. at 330.

In *United States v. Gates*, 21 M.J. 722, 724 (A.C.M.R. 1985), this court examined a situation nearly factually identical to the case *sub judice*. This court upheld the co-existence of such orders concluding, *inter alia*, that operational flexibility oftentimes militates such orders. The logic and rationale of *Gates* remain sound.

As in the case *sub judice*, in *Gates* this court examined a claim of jurisdictional error based on the co-existence of two Headquarters, Department of the Army General Orders that separately designated general courts-martial convening authorities at one installation. One Headquarters, Department of the Army General Order No. 10, 9 April 1981, designated the Commander, Fort Campbell, Kentucky (*i.e.*, the installation commander) as a general court-martial convening authority. *Id.* at 723. A second Headquarters, Department of the Army General Order No. 3, 19 January 1981, designated the "combined" positions of "Commander, 101st Airborne Division (Air Assault) and Commander, Fort Campbell" (*i.e.*, division commander *and* installation commander) as a general court-martial convening authority. *Id.* The Commander, 101st Airborne Division (Air Assault), was also recognized as a general court-martial convening authority pursuant to the statutory designation of division commanders as general court-martial convening authorities in the then Article 22(a)(3), *MCM*, 1969.[9] In *Gates*, this court concluded that all three sources provided general court-martial convening authority for the commanders at Fort Campbell. *Id.*

---

[9] Article 22(a)(3) of the 1969 Manual for Courts-Martial provided: "General courts-martial may be convened by -- the commanding officer of a Territorial Department, an Army Group, an Army, an Army Corps, a division, a separate brigade, or a corresponding unit of the Army or Marine Corps." The current version of this provision is set forth in Article 22(a)(5), UCMJ, *MCM* 2008. [10 U.S.C. § 822(a)(5)].

In *Gates*, the court observed that one individual usually served as the commander for both positions (*i.e.*, division commander and installation commander) and received his advice from a single staff judge advocate. *Id.* at 723. The court further noted that, in recognition of the Army's need for rapid deployment, the need to maintain viability of all three sources of general court-martial convening authority was maintained. *Id.*

Similar to the observation made by this court in *Gates* with regard to division commanders serving at installations, at Fort Lewis the positions of installation commander and corps commander are organizationally distinct but are typically occupied by the same individual. [10] This "dual hatted" commander oftentimes receives his legal advice from one staff judge advocate. The combined designation allows the single individual serving in a dual capacity to fulfill his general court-martial convening authority responsibilities without having to specify, each time he functions as a general court-martial convening authority, which individual organization he is representing in his dual role. Over forty years ago, the predecessor organization to this court noted "[a]s a matter of common experience. . . the separate and different missions, functions and command responsibilities of dissimilar command, when placed or joined under a single commander, cannot be effectively carried out except with a constant awareness of the capacity in which any individual action is taken." *Goudge*, 39 C.M.R. at 335. As a result, the combined designation, which is not uncommon in the Army,[11] promotes economy and efficiency, while enabling the requirements of the UCMJ to be satisfied (*e.g.*, Article 25(d)(2) [10 U.S.C. 825(d)(2)]).

In addition, the co-existence of the two sources of authority facilitates the flexibility required at installations where the combined designation involves a combat eligible unit. Specifically, should circumstances arise that result in the need for a commander serving in a dual capacity (*e.g.*, division commander and installation commander) to depart the installation to fulfill "war fighting" duties, the independent Secretary of the Army designation of the installation commander as a general court-martial convening authority (*e.g.*, such as the designation of

---

[10] Although this opinion refers to the positions of division or corps commander, the rationale is not limited to "war fighting" positions. The rationale is equally applicable to other positions wherein a single individual may be required to serve as a dual [or more] capacity commander—whether they are "statutory" (*e.g.*, Article 22(a)(5), UCMJ, *MCM*, 2008) or secretarial designations (*e.g.*, Article 22(a)(8)), UCMJ, *MCM*, 2008).

[11] *See* Appendices C and D, which provide a sample overview of Headquarters, Department of the Army General Orders using this combined designation.

Commander, Fort Lewis, in Gen. Order No. 10, 9 April 1981) would enable another individual to serve as a general court-martial convening authority for soldiers remaining at the installation. This opinion does not address issues associated with such assumption (*e.g.*, assumption of command and, as appropriate, transfer of cases), however, as they are not at issue in the present case.

In sum, based on the plain language of Gen. Order No. 27, in the absence of evidence to the contrary, and consistent with the sound logic of *Gates*, we conclude Gen. Order No. 27 is the Secretary of the Army's designation of a general court-martial convening authority for Fort Lewis *that is in addition to* Gen. Order No. 10.[12] Alternatively stated, Gen. Order No. 27 is a separate and distinct general court-martial convening authority designation from Gen. Order No. 10.[13] Headquarters, Department of the Army General Order No. 27 is not, as appellant argues, a supersession of the general court-martial convening authority designation established in Gen. Order No. 10.

We further conclude that because Gen. Order No. 27 is the designation of a separate general court-martial convening authority by the Secretary of the Army under Article 22, UCMJ, no authority in the UCMJ permits a single individual serving in the dual capacities of Commander, I Corps, and Commander, Fort Lewis, to "split" the combined general court-martial convening authority designation "Commander, I Corps & Fort Lewis" in Gen. Order No. 27. Additionally, no authority in the UCMJ would permit a single individual if serving in the dual capacities of Commander, I Corps, and Commander, Fort Lewis, to transfer or delegate such authority. *See generally United States v. Cases*, 6 M.J. 950, 952

---

[12] Appellant attempts to distinguish *Gates* by noting in the case *sub judice* the Headquarters, Department of the Army General Orders reflecting the "combined" designation was issued last in time, whereas in *Gates* the "combined" designation was issued prior to the Headquarters, Department of the Army General Order designating the installation commander. Such a distinction is simple legally inconsequential in the context of this case absent evidence of consequence (*e.g.*, supersession).

[13] Headquarters, Department of the Army General Order Number 3, 19 January 1981, graphically illustrates the Army's use of this construct (*i.e.*, co-existence of multiple convening authorities at one installation), as well as the discreteness of the separate convening authority designations. In Gen. Order No. 3, the Secretary of the Army appoints as general court-martial convening authorities the Commander, Fort Hood, as well as Commander, III Corps & Fort Hood. He also appoints as general courts-martial convening authorities the Commander, U.S. Army Quartermaster Center & Fort Lee, as well as the Commander, Fort Lee.

(C.M.R. 1979) and Article 22(a)(4). *See also* R.C.M. 504(b)(4). *Compare* UCMJ art. 140 (which, *inter alia*, reflects the President, who is a general court-martial convening authority pursuant to Article 22(a)(1), UCMJ, may delegate any authority vested in him pursuant to the UCMJ and also authorize the sub-delegation of such authority). Rather, the Commander, I Corps, and the Commander, Fort Lewis, must each have discrete, identifiable authority under Article 22, UCMJ, to act as a general court-martial convening authority. Currently, the Commander, I Corps, has statutory authority per Article 22(a)(5) and the Commander, Fort Lewis, has Secretarial designated authority per Article 22(a)(6), *MCM*, 1969, [now Article 22(a)(8)], as reflected in Gen. Order No. 10.

## IV. ACTION BY CONVENING AUTHORITY

Because appellant's approved sentence included confinement for more than six months, the record of trial and related documents in this type of case had to be sent to the "person exercising general court-martial jurisdiction over the accused at the time the court was convened (or to that person's successor in command)." UCMJ, art. 64(b). [10 U.S.C. § 864(b)]. *See also Gates*, 21 M.J. at 724. In turn, Article 60(c)(1), UCMJ, authorizes action to be taken, under regulations of the Secretary concerned, by "a commissioned officer commanding for the time being, a successor in command, or any person exercising general court-martial jurisdiction." UCMJ, art. 60(c)(1). [10 U.S.C. § 860(c)(1)]. *See also Gates*, 21 M.J. at 724. Article 60(c)(1) is further limited by R.C.M. 1107.[14] As held below, however, the limitations in R.C.M. 1107 do not affect the instant case.

Reviewing the record of trial as a whole, the facts described in Section I firmly establish that while serving as the Acting Commander, Fort Lewis, BG Mathis convened appellant's court-martial pursuant to his secretarial designated general court-martial authority as documented in Gen. Order No. 10. BG Mathis remained the Acting Commander, Fort Lewis, at "all times [legally] relevant to actions in connection with appellant's case" *Gates*, 21 M.J. at 724. Accordingly, as the original convening authority in appellant's case, BG Mathis had full authority pursuant to Article 60, UCMJ; Article 64, UCMJ; and R.C.M. 1107, to take final action in appellant's case.

---

[14] R.C.M. 1107(a) states "[t]he convening authority shall take action on the sentence and, in the discretion of the convening authority, the findings, unless it is impracticable." R.C.M. 1107(a). *See also Gates* 21 M.J. at 724. The discussion section for R.C.M. 1107(a) delineates conditions that might satisfy the impracticability criteria.

## V. CONCLUSION

In appellant's case, we hold BG Mathis' actions to have been taken in full authority of the UCMJ.

This court decides questions of jurisdiction and convening authority on a case-by-case basis. Although a truism, counsel are reminded that the holding of this case is based on the specific facts provided in the record of trial, questions of jurisdiction and convening authority are fact intensive, and facts necessarily dictate the applicable legal framework.

We have considered the remaining assignments of error and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge CONN and Judge HOFFMAN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

# APPENDIX A

GENERAL ORDERS }

GO 27

HEADQUARTERS
DEPARTMENT OF THE ARMY
WASHINGTON, DC, *13 November 1981*

*GENERAL COURTS-MARTIAL.* The Commander, 1 Corps & Fort Lewis, is designated by me, pursuant to the Uniform Code of Military Justice, Article 22(a)(6), to convene general courts-martial effective 27 October 1981.

[DAJA-CL]

*John O. Marsh, Jr.*
John O. Marsh, Jr.
Secretary of the Army

DISTRIBUTION:

*Active Army, ARNG, USAR:* to be distributed in accordance with DA Form 12-4 requirements for DA General Orders.

# APPENDIX B

GENERAL ORDERS }
No. 10 }

HEADQUARTERS
DEPARTMENT OF THE ARMY
WASHINGTON, DC, 9 April 1981

*GENERAL COURTS-MARTIAL.* The Commanders of the following command and installations are designated by me, pursuant to the Uniform Code of Military Justice, Article 22(a)(6), to convene general courts-martial effective 1 May 1981.

US Army Communications-Electronics Command
Fort Bragg
Fort Campbell
Fort Carson
Fort Lewis
Fort Ord
Fort Polk
Fort Riley
Fort Stewart
Headquarters, Fort Huachuca
[DAJA-CL]

John O. Marsh, Jr.
Secretary of the Army

DISTRIBUTION:

*Active Army, ARNG, USAR:* To be distributed in accordance with DA Form 12-4 requirements for Department of Army General Orders.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1981 -- 341-661:1456

# APPENDIX C

*Overview of Select Department of the Army General Orders*
*Wherein the Secretary of the Army Used "Combined"*
*General Court-Martial Convening Authority Designations*

| Headquarters, Department of the Army, General Order Number | Date | General Court-Martial Convening Authority Designation* † |
|---|---|---|
| 2010-03 | 23 March 2010 | 1. Commander, US Army Maneuver Center of Excellence and Fort Benning<br>2. Commander, US Army Fires Center of Excellence and Fort Sill<br>3. Commander, US Army Combined Army Support Command and the Sustainment Center of Excellence and Fort Lee<br>4. Commander, US Army Maneuver Support Center of Excellence and Fort Leonard Wood<br>5. Commander, US Army Basic Combat Training Center of Excellence and Fort Jackson<br>6. Commander, US Army Aviation Center of Excellence and Fort Rucker<br>7. Commander, US Army signal Center of Excellence and Fort Gordon<br>8. Commander, US Army Intelligence Center of Excellence and Fort Huachuca |
| 6 | 30 March 2000 | 1. Commander, US Army Medical Department Center and School and Fort Sam Houston |
| 4 | 27 March 1996 | 1. Commander, 3d Infantry Division and Fort Stewart |
| 15 | 11 June 1992 | 1. Commander, US Army Combined Arms Command and Fort Leavenworth |
| 19 | 1 December 1990 | 1. Commander, US Army Forces Central Command and Third Army |
| 3 | 19 January 1981 | Because of the large volume of combined designations in Gen. Order No. 3 (19 Jan. 1981), we have re-published it in its entirety as Appendix D |

*Note 1*: All orders are publicly accessible at: Army Publishing Directorate, http://www.apd.army.mil/DAGO_by_Year.htm. (last visited 29 July 2010).

†*Note 2*: All of the various orders cited, as authority for the designation, Article 22, UCMJ, and the specific subparagraph that empowers the Secretary [of the Army] to appoint general court-martial convening authorities (*i.e.*, Article 22(a)(6) or Article 22(a)(8) as appropriate given the date of the general order).

# APPENDIX D

GENERAL ORDERS }  
No. 3 }

HEADQUARTERS  
DEPARTMENT OF THE ARMY  
WASHINGTON, DC, *19 January 1981*

*GENERAL COURTS-MARTIAL.* 1. Effective 19 January 1981, the commanding officers of the following installations and commands are designated by me, pursuant to the Uniform Code of Military Justice, Article 22(a)(6), as general court-martial convening authorities.

US Army Training and Doctrine Command  
US Army Training Center & Fort Dix  
US Army Armor Center & Fort Knox  
US Army Engineer Center & Fort Belvoir  
US Army Transportation Center & Fort Eustis  
US Army Quartermaster Center & Fort Lee  
Fort Lee  
US Army Signal Center & Fort Gordon  
US Army Infantry Center & Fort Benning  
US Army Aviation Center & Fort Rucker  
US Army Training Center & Fort Jackson  
US Army Soldier Support Center and Fort Benjamin Harrison  
US Army Air Defense Center & Fort Bliss  
US Army Combined Arms Center & Fort Leavenworth  
US Army Field Artillery Center & Fort Sill  
US Army Training Center, Engineer & Fort Leonard Wood  
US Army Military Police and Chemical Schools/Training Center & Fort McClellan  
New York Area Command & Fort Hamilton  
US Army Forces Command  
Fort McPherson  
Fort George G. Meade  
Fort Sam Houston  
Presidio of San Francisco  
Fort Devens  
101st Airborne Division (Air Assault) & Fort Campbell  
XVIII Airborne Corps & Fort Bragg  
Fort Sheridan  
III Corps and Fort Hood  
Fort Hood  
1st Infantry Division (MECH) & Fort Riley  
US Army Retraining Brigade  
9th Infantry Division & Fort Lewis  
Fort Carson & 4th Infantry Division (MECH)  
172d Infantry Brigade (Alaska)  
193d Infantry Brigade (Panama)  
7th Infantry Division and Fort Ord  
5th Infantry Division (MECH) & Fort Polk  
24th Infantry Division (MECH) & Fort Stewart  
United States Army, Europe & Seventh Army  
1st Infantry Division (MECH) (FORWARD)  
32d Army Air Defense Command  
US Army, Berlin

US Army Southern European Task Force
21st Support Command (TAACOM)
2d Armored Division Forward
2d Armored Division (REAR) (PROVISIONAL)
US Army Western Command
US Army Support Command, Hawaii
US Army, Japan
US Army Garrison, Okinawa
US Army Element, Combined Field Army (ROK/US)
19th Support Command
US Army Materiel Development and Readiness Command (DARCOM)
US Army Communications & Electronics Materiel Readiness Command
US Army Troop Support & Aviation Materiel Readiness Command
Aberdeen Proving Ground
US Army Test & Evaluation Command
US Army White Sands Missile Range
US Army Missile Command
US Army Military District of Washington
Military Traffic Management Command
Military Traffic Management Command, Eastern Area
Military Traffic Management Command, Western Area
Ballistic Missile Defense Organization
Ballistic Missile Defense Systems Command
US Army Element, HQ, US Readiness Command
US Army Communications Command (USACC)
Fort Huachuca
US Army Health Services Command
US Army Element, Field Command, Defense Nuclear Agency
US Army Element 9240, Joint Task Force Eight

2. General court-martial jurisdiction under the above provisions is also granted to:

Superintendent, United States Military Academy
Commandant, US Disciplinary Barracks, Fort Leavenworth
[DAJA-CL]

Clifford L. Alexander, Jr.
Secretary of the Army

DISTRIBUTION:
*Active Army, ARNG, USAR:* To be distributed in accordance with DA Form 12-4 requirements for General Orders.

✦U.S. GOVERNMENT PRINTING OFFICE: 1981⸱ 341-661:1344